## IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

NADJARE EVANS,
Plaintiff,

v.                                             Case No.: 1:26-cv-147- AW ZCB

EXPERIAN INFORMATION SOLUTIONS, INC.,
Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Nadjare Evans, proceeding *pro se*, hereby files this Complaint against

Defendant, Experian Information Solutions, Inc. ("Experian"), for willful and

negligent violations of the **Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681**

*et seq.* In support thereof, Plaintiff alleges as follows:

### I. INTRODUCTION

1. This is an action for consumer damages arising from Defendant Experian's
   systemic, repeated, and willful failure to conduct a statutorily mandated
   reasonable reinvestigation of a patently inaccurate, contradictory derogatory
   account on Plaintiff's credit report.

2. Furthermore, this action addresses Defendant's absolute failure to provide
   mandatory disclosure of its reinvestigation procedures when explicitly requested
   by the consumer **pursuant to 15 U.S.C. § 1681i(a)(6)(B)(iii).**

FILED USDC FLND TL
JUN 22 '26 PM4:00

Page 1 of 10

3. Despite multiple opportunities, culminating in a precise statutory dispute in **early 2026**, Defendant has chosen to stonewall the consumer and issue automated form rejections.

4. As a direct result of Experian's reckless disregard for federal law, Plaintiff has suffered devastating, concrete, and ongoing real-world injuries, including forced underemployment, business disruption, and active homelessness.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action **pursuant to 28 U.S.C. § 1331** (federal question jurisdiction) and **15 U.S.C. § 1681p** (FCRA jurisdictional provision).

6. Venue is proper in the United States District Court for the Middle District of Florida **pursuant to 28 U.S.C. § 1391(b)** because Plaintiff is domiciled in this judicial district, the Defendant conducts substantial business within this district, and a substantial part of the events, omissions, and severe injuries giving rise to these claims occurred within this district.

## III. PARTIES

7. Plaintiff, Nadjare Evans, is a natural person and a "consumer" as defined by **15 U.S.C. § 1681a(c)**, whose domicile is located in Gainesville, Florida.

8. Defendant, Experian Information Solutions, Inc., is a "consumer reporting agency" (CRA) as defined by **15 U.S.C. § 1681a(f)**, because it regularly engages, for monetary fees, in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties.

# IV. STATEMENT OF FACTS

## A. The Underlying Inaccuracy and Report Inconsistencies

9.  Since at least **2023**, Experian has continuously published a consumer credit report for Plaintiff containing an inaccurate and facially contradictory derogatory tradeline concerning a Capital One credit card account ending in 2956.

10. Experian publishes the Capital One account status as "charged off," maintaining that a past-due balance of $7,095 remains actively written off and legally collectible against the Plaintiff.

11. Experian's own internal reporting documents contain extreme, irreconcilable contradictions. While actively maintaining a "past due" balance of $7,095, Experian's payment history grid explicitly reflects a **scheduled payment requirement of $0** and an **actual amount paid of $0** every single consecutive month from **August 2023** through **June 2025**.

12. It is factually **impossible and misleading** to simultaneously report an active, accumulating past-due balance liability while concurrently documenting a $0 monthly payment obligation. Experian's publication of these incompatible figures demonstrates a failure of fundamental data integrity.

## B. The 2026 Statutory Reinvestigation Process & Disclosure Request

13. The systemic and reckless nature of Experian's reporting failure is further underscored by a multi-year marketplace comparison. For a continuous **three-year period** leading up to **early 2026**, both **TransUnion LLC (File No. 330574212)** and **Equifax Information Services LLC (Confirmation #6034549164)** successfully processed, maintained, and published the true status of the exact same Capital One account, correctly reflecting a Balance of $0 and noting that the account was paid, closed, and satisfied. Despite being repeatedly

provided with these accurate multi-bureau credit disclosures by the Plaintiff, Experian uniquely and persistently insulated itself from the truth, continuing to publish a toxic, active $7,095 liability. **Experian's absolute refusal to reconcile its data** with known marketplace reality for over thirty-six months demonstrates a reckless disregard for data integrity that **transcends mere negligence.**

14. On **February 5, 2026,** Plaintiff transmitted a comprehensive Formal Dispute letter directly to Experian via **U.S. Postal Service Certified Mail (Tracking Number: 9589 0710 5270 3437 6976 59).**

15. The Certified Mail return receipt confirms that Defendant Experian successfully received and signed for the statutory dispute on **February 11, 2026.**

16. In the dispute letter, Plaintiff detailed the facial contradictions regarding the reported balances and payment schedules.

17. Utilizing Experian's own historical disclosures, which noted multiple prior investigation windows, Plaintiff's **February 5, 2026** dispute letter formally invoked **15 U.S.C. § 1681i(a)(6)(B)(iii).**

18. Plaintiff explicitly demanded that Experian produce the complete reinvestigation file, including the exact start and completion dates, the names and employers of the individual agents involved, and all actual electronic Automated Consumer Dispute Verification (ACDV) transmissions exchanged with Capital One.

## C. Experian's Total Statutory Default and Regulating Stonewalling

19. On or about **February 27, 2026,** Experian issued a generic, automated form letter response to Plaintiff, stating in a conclusory fashion that the Capital One account was simply "verified and updated."

20. Experian's response completely failed to provide a single piece of the requested procedural metadata, identity logs, or ACDV communications **mandated by § 1681i(a)(6)(B)(iii).**

21. On **March 11, 2026,** Plaintiff issued a follow-up Notice to Cure via Certified Mail, which was successfully delivered to Experian on **March 24, 2026,** giving them a final window to produce the files or correct the inaccurate account.

22. **Experian completely ignored the notice.** On or about **April 20, 2026,** Plaintiff escalated the matter by filing an official complaint with the Consumer Financial Protection Bureau (CFPB).

23. As of the filing of this complaint, Experian has maintained its silence, refusing to produce the statutory investigation items or correct the report.

**D. Severe, Ongoing Concrete Injuries (Article III Standing)**

24. **Experian's unlawful publication** of a $7,095 past-due derogatory charge-off has directly destroyed Plaintiff's personal and commercial creditworthiness.

25. As a direct result of this ongoing false publication, Plaintiff has been completely foreclosed from signing residential leases or securing standard housing, causing an extended and devastating state of active homelessness.

26. Plaintiff has been barred from his normal career paths and standard of work, as employers routinely utilize credit screenings that automatically reject applicants with outstanding $7,095 derogatory balances.

27. Experian's months of intentional silence and refusal to comply with federal law have inflicted extreme emotional distress, deep humiliation, anxiety, and sleeplessness.

## V. CAUSES OF ACTION

### COUNT I
**Willful Noncompliance with the FCRA (Reasonable Reinvestigation)**
*15 U.S.C. § 1681i(a)(1)(A) / Remedy via 15 U.S.C. § 1681n*

28. Plaintiff realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

29. **Pursuant to 15 U.S.C. § 1681i(a)(1)(A),** upon receiving notice of a dispute from a consumer, a credit reporting agency is required to conduct a free, reasonable reinvestigation to determine whether the disputed information is inaccurate.

30. **Experian had actual notice of the internal ledger contradictions** via Plaintiff's certified mail disputes, yet failed to conduct a reasonable independent reinvestigation. Instead of investigating the **systemic flaws** in its data, Experian **engaged in a practice of "rubber-stamping," blindly** repeating the automated verification data regurgitated by the data furnisher.

31. **Experian's failure to delete** or accurately modify the patently contradictory account within the statutory 30-day window constitutes a willful violation of **15 U.S.C. § 1681i(a)(1)(A).**

### COUNT II
**Willful Noncompliance with the FCRA (Failure to Disclose Procedures)**
*15 U.S.C. § 1681i(a)(6)(B)(iii) / Remedy via 15 U.S.C. § 1681n*

32. Plaintiff realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

33. Pursuant to **15 U.S.C. § 1681i(a)(6)(A) and (B)(iii), a consumer reporting agency must provide** the consumer with a written description of the precise procedures used to determine accuracy within **fifteen (15) days of a request,**

explicitly including the name, business address, and telephone number of any furnisher contacted.

34. Plaintiff explicitly and unambiguously demanded these procedural records for the documented investigation windows.

35. **Experian completely refused** to produce these materials, hiding behind a generalized, automated form letter, completely depriving the consumer of their statutory right to verify the legitimacy of the bureau's processes.

36. **Experian's failure** to provide the requested reinvestigation disclosures constitutes a separate, distinct, and flagrant willful **violation of 15 U.S.C. § 1681i(a)(6)(B)(iii).**

## COUNT III
**Willful Noncompliance with the FCRA (Failure to Assure Maximum Accuracy)**
*15 U.S.C. § 1681e(b) / Remedy via 15 U.S.C. § 1681n*

37. Plaintiff realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

38. **Pursuant to 15 U.S.C. § 1681e(b),** whenever a consumer reporting agency prepares a consumer report, it must follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual.

39. **Experian systematically failed** to maintain such procedures by allowing a fundamentally inaccurate, contradictory ledger to be published month after month, **recording a constant $0 monthly payment** expectation alongside an **active past-due balance.**

40. Defendant's reliance on automated, blind verification systems to publish facially impossible financial data constitutes a direct and willful **violation of 15 U.S.C. § 1681e(b).**

**COUNT IV**
**Negligent Noncompliance with the FCRA**
*In the Alternative to Counts I, II, and III / Remedy via 15 U.S.C. § 1681o*

41. Plaintiff realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

42. In the alternative, should the Court find that Experian's actions did not rise to the level of willful or reckless noncompliance, Plaintiff alleges that Experian negligently failed to comply with its statutory duties under **15 U.S.C. §§ 1681i(a)(1)(A), 1681i(a)(6)(B)(iii), and 1681e(b).**

43. As a direct and proximate result of Experian's statutory negligence, Plaintiff has suffered severe, quantifiable actual damages, including total loss of housing, forced underemployment, and ongoing emotional trauma.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Nadjare Evans, respectfully requests that this Court enter judgment in his favor and against Defendant, Experian Information Solutions, Inc., and award the following relief:

A. An order declaring Defendant Experian's conduct to be in willful and negligent violation of the Fair Credit Reporting Act;

B. An award of Actual and Compensatory Damages in an amount to be determined at trial;

C. An award of Statutory and Punitive Damages pursuant to 15 U.S.C. § 1681n;

D. An order compelling Experian to immediately and permanently DELETE the inaccurate Capital One account (ending in 2956) from all corporate databases; and

E. An award of costs and reasonable fees associated with this action.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all counts, issues, and claims so triable in this action.

Dated: June 15 , 2026

Respectfully submitted,

By;_____

**Nadjare Evans, Plaintiff Pro Se**

**Mailing:** 4600 SW 34th St, Suite 142433
Gainesville, Florida 32614

## EXHIBITS TO THE COMPLAINT

**EXHIBIT A: Experian Credit Report Excerpts (The Contradiction)**
Highlighting the Capital One account ending in 2956 published by Defendant
Experian, demonstrating an active "charge off" status and a $7,095 past-due balance
liability, right alongside internal payment history grids that contradictorily reflect a
monthly scheduled payment requirement of $0.

**EXHIBIT B: TransUnion Credit Report Disclosure (The Comparison)**
Official **TransUnion consumer file** disclosure dated **February 3, 2026** (File No.
330574212), proving that the exact same Capital One account is correctly reported to
the credit marketplace with a **Balance of $0** and a Pay Status of **"Account paid in
Full was a Charge-off"**.

**EXHIBIT C: Equifax Credit Report Disclosure (The Comparison)**
Official **Equifax credit report** confirmation dated **February 3, 2026** (Confirmation
#6034549164), further confirming that the matching Capital One account is correctly
reporting to the marketplace with a **Balance of $0** and an active status of **"Paid and
Closed"**.

**EXHIBIT D: The February 5, 2026 Formal Dispute Letter**
The comprehensive statutory dispute letter sent to Experian detailing the explicit
internal ledger contradictions and formally **invoking 15 U.S.C. § 1681i(a)(6)(B)(iii)**
to demand their exact reinvestigation logs and employee credentials.

**EXHIBIT E: USPS Certified Mail Receipt & Signed Green Return Card**
Matching Tracking #9589 0710 5270 3437 6976 59, establishing undeniable physical
proof that Experian received and signed for the statutory dispute on **February 11,
2026**.

**EXHIBIT F: Experian's February 27, 2026 Response Letter (The Default)**
The generic, automated form letter issued by Experian stating the account was merely
"verified and updated" while completely refusing to hand over the statutory
procedural metadata or ACDV logs required under Count II.

**EXHIBIT G: The March 11, 2026 Pre-Litigation Notice to Cure**
The secondary warning letter transmitted via Certified Mail to Experian, giving them
a clear, final administrative opportunity to correct the report or supply the requested
files before initiating federal litigation.

**EXHIBIT H: The Official CFPB Complaint Submission Log**
The electronic record and status summaries tracking the **April 2026** escalation to the
Consumer Financial Protection Bureau, with accompanying Affidavit of NON-
RESPONSE solidifying the Plaintiff's absolute diligence in trying to resolve the
matter outside of court.

EXHIBIT # A



**experian.**

Prepared For

# NADJARE EVANS

Personal & confidential

**Date generated:** Feb 3, 2026

# At a glance

## FICO® Score 8



**569** FICO® SCORE 8
Experian data Feb 3, 2026

300 ——————————————————— 850
Poor

| Account summary | | | Overall credit usage | | Debt summary | |
|---|---|---|---|---|---|---|
| Open accounts | 1 | | | | Credit card and credit line debt | $108 |
| Self-reported accounts | 0 | | | | Self-reported account balance | $0 |
| Accounts ever late | 1 | | 5 % | | Loan debt | $0 |
| Closed accounts | 0 | | | | Collections debt | $0 |
| Collections | 0 | | | | Total debt | $108 |
| Average account age | 6 yrs 7 mos | | | | | |
| Oldest account | 7 yrs 11 mos | | | | | |



- Credit used: **$108**
- Credit limit: **$2,300**

**experian.**

| **CAPITAL ONE** | **$7,095** |
|---|---|
| 29 potentially negative months | Closed |

## Account info

| | | | |
|---|---|---|---|
| Account name | **CAPITAL ONE** | Balance | **$7,095** |
| Account number | **517805XXXXXX** | Balance updated | **Jan 13, 2026** |
| Original creditor | - | Credit limit | **$5,850** |
| Company sold | - | Monthly payment | - |
| Account type | **Credit card** | Last Payment Date | **Jun 13, 2023** |
| Date opened | **Jul 18, 2018** | Past due amount | **$7,095** |
| Open/closed | **Closed** | Highest balance | **$7,095** |
| Status | **Account charged off. $7,095 written off. $7,095 past due as of Jan 2026.** | Terms | - |
| | | Responsibility | **Individual** |
| | | Your statement | - |
| Status updated | **Jan 2024** | | |

## $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | - | - | - | - | - | - | - | - | - | - | - |
| 2025 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 120 | 150 |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

| | | |
|---|---|---|
| ✓ Current / Terms met | 30 Past due 30 days | 60 Past due 60 days |
| 90 Past due 90 days | 120 Past due 120 days | 150 Past due 150 days |
| CO Charge off | - Data Unavailable | |

## ✉ Contact info

Address          PO BOX 31293 SALT LAKE CITY, UT 84131

Phone number     (800) 955-7070

## 📄 Comments

Account closed at credit grantor's request

Account previously in dispute - investigation complete, reported by data furnisher

Personal Credit Report for:
**NADJARE EVANS**

**EXHIBIT # B**

File Number:
330574212

Date Created:
**02/03/2026**

Visit transunion.com/dispute to start a dispute online.

If you are experiencing a financial hardship related to a public health emergency or your personal circumstances, you can add a consumer statement to your credit file to explain your situation by visiting us at www.transunion.com/credit-help ⧉.

## Personal Information

You have been on our files since 12/01/1998. Your SSN has been masked for your protection.

**Credit Report Date**

02/03/2026

**Social Security Number**

XXX-XX-2548

**Date of Birth**

06/07/1979

**Name**

NADJARE CHARLES EVANS

## Also Known As

**AKA**

EVANS NADJARE

## Addresses

**Current Address**

6521 SW 57TH RD GAINESVILLE, FL 32608-4746

**Date Reported**

10/06/2021

https://annualcreditreport.transunion.com/dss/disclosure.page

**RVR:** Returned voluntarily/redeemed

**SET:** Settled–less than full balance

**SGL:** Government secured guaranteed

**SIL:** Simple interest loan

**SLP:** Student loan perm assign government

**SPL:** Single payment loan

**STL:** Credit card lost/stolen

**TRF:** Transfer

**TRL:** Transferred to another lender

**TTR:** Transferred to recovery

**WEP:** Chapter 13 bankruptcy

For account information other than payment history, we may show brackets > < to indicate information that may negatively affect your credit health.

# Accounts with Adverse Information

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled.

## Account Name

CAPITAL ONE 517805910828****

## Account Information

| | |
|---|---|
| **Address** | P O Box 31293 Salt Lake City, UT 84131 |
| **Phone** | (800) 955-7070 |
| **Date Opened** | 07/18/2018 |
| **Responsibility** | Individual Account |
| **Account Type** | Revolving Account |
| **Loan Type** | CREDIT CARD |
| **Balance** | $0 |
| **Date Updated** | 11/30/2023 |
| **Last Payment Made** | 06/13/2023 |
| **High Balance** | $7,095 |

EXHIBIT # B

| | |
|---|---|
| **Credit Limit** | $5,850 |
| **Pay Status** | >Account paid in Full was a Charge-off< |
| **Terms** | Paid Monthly |
| **Date Closed** | 06/26/2023 |
| **Estimated month and year this item will be removed** | 07/2030 |
| **Remarks** | Account previously in dispute-now resolved. reported by credit grant; CLOSED BY CREDIT GRANTOR; PAID IN FULL/WAS A CHARGE OFF |

## Payment History

| August 2018 | September 2018 | October 2018 | November 2018 | December 2018 | January 2019 |
|---|---|---|---|---|---|
| Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** |

| February 2019 | March 2019 | April 2019 | May 2019 | June 2019 | July 2019 |
|---|---|---|---|---|---|
| Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** |

| August 2019 | September 2019 | October 2019 | November 2019 | December 2019 | January 2020 |
|---|---|---|---|---|---|
| Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** |

| February 2020 | March 2020 | April 2020 | May 2020 | June 2020 | July 2020 |
|---|---|---|---|---|---|
| Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** |

| August 2020 | September 2020 | October 2020 | November 2020 | December 2020 | January 2021 |
|---|---|---|---|---|---|
| Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** |

EXHIBIT # C



Credit Report

Date: February 03, 2026
Confirmation # 6034549164

Prepared for:

**NADJARE CHARLES EVANS**

## DID YOU KNOW?

*If you find something in your report that looks like a mistake, contact us at **equifax.com/personal/disputes** or call 888-EQUIFAX (888-378-4329) to start a new dispute or check the status of your dispute.*

*There are many types of consumer reporting agencies, including credit bureaus and specialty agencies. A list can be found by accessing the CFPB's website at: **consumerfinance.gov/consumer-tools/credit-reports-and-scores/consumer-reporting-companies/companies-list** Looking for telecommunications, pay TV, and utility data? That information is maintained by a different company, the National Consumer Telecom and Utilities Exchange (NCTUE), and can be accessed at: **nctue.com/consumer***

Prepared for:

**NADJARE CHARLES EVANS**



Date: February 03, 2026
Confirmation # 6034549164

# An Overview of Your Credit Report

Your credit report provides different types of information, including:

**Personal Information**
This section includes your name (including any former names), current and previous addresses and phone numbers, employment data, Social Security number, and birthdate. Personal information is provided by you or your lenders and creditors. While this information is not used to calculate credit scores it is important to check for typos and any unfamiliar information.

**Consumer File Notices**
Notices on your credit report can include fraud and active duty alerts, security freezes or locks, and opt-outs of receiving prescreened offers of credit or insurance. You can also choose to add a consumer statement to your credit report to provide an explanation for why you missed a payment or why you believe something is being reported incorrectly. For more information on these consumer added notices **visit equifax.com/personal/help/.**

**Account Information**
Your credit report can include all types of credit accounts, such as revolving accounts, mortgage accounts, and any other installment loans or open lines of credit. When reviewing your account information, make sure accounts listed belong to you and look for the following:

- **Account Status:** See if an account is open, closed, paid on time, or past due.  Closed accounts should have no money owed.
- **Payment History:** Check if you made payments on time for each account.  Paying on time helps your credit, while late or missed payments hurt it.  Payment history is provided, where available, for each account.  To view up to 24 months of your historical payment and balance data, log in to your 'myEquifax' account at www.myequifax.com.
- **Credit Limits and Balances:** Look at the credit limits on credit cards and compare them to what you owe. It's better to keep the balance low compared to the limit.  This helps improve your credit.
- **Account Types:** Notice the different kinds of credit accounts you have (like credit cards, loans, mortgages).  Having a mix of account types is good for your credit.

**Negative Information (Collections and Bankruptcy Public Records)**
Be aware of any negative details such as late payments, debts that were given up on, or money owed to collections. Bankruptcies may also be shown on your credit report. These negative items can hurt your credit score. If there's something there, make sure it's correct and up to date.

**Inquiries**
This section shows who accessed your credit report and when. Too many hard inquiries can negatively impact your credit score and any unfamiliar inquiries may be a sign of identity theft.

**If you find information you believe to be incorrect, you may visit us at equifax.com/personal/disputes or call us at 888-EQUIFAX (888-378-4329) to submit a dispute.** You may also mail your dispute request to:  Equifax | PO Box 740241 | Atlanta, GA 30374

Note:  When you provide documents to Equifax as part of your dispute, including a letter, the documents may be submitted to one or more companies whose information are the subject of your dispute.

Prepared for:

**Prepared for:**

# NADJARE CHARLES EVANS

EXHIBIT # __C__

**EQUIFAX®**

Date: February 03, 2026
Confirmation # 6034549164

# Your Credit Report

## Summary

A quick view of key information contained in your Equifax Credit Report.

| | |
|---|---|
| **Report Date** | February 03, 2026 |
| **Average Account Age** | 5 Years, 10 Months |
| **Length of Credit History** | 7 Years, 11 Months |
| **Oldest Account** | FINGERHUT/WEBBANK \| March 2018 |
| **Most Recent Account** | FINGERHUT \| April 2022 |

# Personal Information

Creditors use your personal information to identify you. This information has **no impact** on your credit score.



### NADJARE CHARLES EVANS

6521 SW 57TH RD, GAINESVILLE, FL 32608 | (352) 581-0424
Social Security Number: **XXX-XX-2548**
Date of Birth:  **06/07/1979**

| **Former Name(s):** | **Employment Information:** | **Consumer File Notices:** |
|---|---|---|
| None | SELFMPLOYED, 4600    SW34TH STREET - Current | Opted-Out of Prescreened Offers |

| **Former Address(es):** | **Former Phone Number(s):** |
|---|---|
| 4600 SW 34TH ST UNIT142433, GAINESVILLE, FL 32614 | None |

**Consumer Statement:**
No Statement on file.

Prepared for:
**NADJARE CHARLES EVANS**

**EXHIBIT #** _C_

**EQUIFAX** ®

Date: February 03, 2026
Confirmation # 6034549164

# Credit Accounts

This includes all types of credit accounts, such as revolving accounts, mortgage accounts, and any other installment loans or open lines of credit.

 **FINGERHUT**

6250 Ridgewood Ro, St. Cloud, MN  56303 | (866) 734-0342
Account Number: **\*7986** | Owner: **Individual Account**
Loan/Account Type: **Charge Account** | Status: **Pays As Agreed**

Date Reported: **01/06/2026** | Balance: **$108**
Credit Limit: **$2,300** | High Credit: **$1,507**

| | | | |
|---|---|---|---|
| Date Opened: **04/12/2022** | Date of 1st Delinquency: ▪ | | Terms Frequency: **Monthly** |
| Date of Last Activity: **01/06/2026** | Date Major Delinquency 1st Reported: ▪ | | Months Reviewed: **45** |
| Scheduled Payment Amount: **$16** | Amount Past Due: ▪ | | Deferred Payment Start Date: ▪ |
| Actual Payment Amount: **$153** | Charge Off Amount: ▪ | | Balloon Payment Amount: ▪ |
| Date of Last Payment: **01/01/2026** | Date Closed: ▪ | | Balloon Payment Date: ▪ |
| Term Duration: ▪ | Activity Designator: ▪ | | Narrative Code(s): **229** |

## Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ▪ | ▪ | ▪ | ▪ | ✓ | ▪ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ▪ | ▪ | ▪ | ▪ | ▪ | ▪ |
| 2022 | ▪ | ▪ | ▪ | ▪ | ▪ | ✓ | ✓ | ▪ | ▪ | ▪ | ▪ | ▪ |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ✓ | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | ▪ | No Data Available |

## 24 Month History

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|------|---------|------------------------|----------------------|-------------------|-----------------|-------------|--------------|-----------------|
| 12/25 | $253 | $26 | $75 | 11/30/2025 | ▪ | $1,507 | $2,300 | 229, 233 |
| 11/25 | $315 | $30 | $351 | 10/09/2025 | ▪ | $1,507 | $2,300 | 229, 233 |
| 10/25 | $651 | $48 | $157 | 09/13/2025 | ▪ | $1,507 | $2,300 | 229, 233 |
| 09/25 | $777 | $48 | $100 | 09/01/2025 | ▪ | $1,507 | $2,300 | 229, 233 |
| 08/25 | $838 | $61 | $400 | 07/28/2025 | ▪ | $1,507 | $2,300 | 229, 233 |
| 07/25 | $1,190 | $73 | $206 | 06/30/2025 | ▪ | $1,507 | $2,300 | 229, 233 |
| 06/25 | $1,336 | $73 | $150 | 05/29/2025 | ▪ | $1,507 | $2,300 | 229, 233 |
| 05/25 | $1,420 | $71 | $157 | 05/02/2025 | ▪ | $1,507 | $2,300 | 229, 233 |
| 04/25 | $1,507 | $75 | ▪ | 05/31/2024 | ▪ | $1,507 | $2,300 | 229, 233 |
| 03/25 | $1,436 | ▪ | ▪ | 05/31/2024 | ▪ | $1,436 | $2,300 | 229, 233 |
| 02/25 | $1,369 | ▪ | ▪ | 05/31/2024 | ▪ | $1,369 | $2,300 | 229, 233 |
| 01/25 | $1,304 | ▪ | ▪ | 05/31/2024 | ▪ | $1,304 | $2,300 | 229, 233 |
| 12/24 | $0 | ▪ | ▪ | 05/31/2024 | ▪ | $499 | $1,800 | 034, 229, 233 |
| 11/24 | $0 | ▪ | ▪ | 05/31/2024 | ▪ | $499 | $1,800 | 034, 229, 233 |
| 10/24 | $0 | ▪ | ▪ | 05/31/2024 | ▪ | $499 | $1,800 | 034, 229, 233 |
| 09/24 | $0 | ▪ | ▪ | 05/31/2024 | ▪ | $499 | $1,800 | 229, 233 |
| 08/24 | $0 | ▪ | ▪ | 05/31/2024 | ▪ | $499 | $1,800 | 229, 233 |
| 07/24 | $0 | ▪ | ▪ | 05/31/2024 | ▪ | $499 | $1,800 | 229, 233 |
| 06/24 | $0 | ▪ | $108 | 05/31/2024 | ▪ | $499 | $1,800 | 229, 233 |
| 05/24 | $108 | $14 | $196 | 04/27/2024 | ▪ | $499 | $1,800 | 229, 233 |
| 04/24 | $296 | $24 | $100 | 03/31/2024 | ▪ | $499 | $1,800 | 229, 233 |
| 03/24 | $381 | ▪ | ▪ | 08/03/2022 | ▪ | $499 | $1,800 | 229, 233 |
| 02/24 | $364 | ▪ | ▪ | 08/03/2022 | ▪ | $499 | $1,800 | 229, 233 |

| Narrative Code | Narrative Code Description |
|----------------|---------------------------|
| 034 | Affected By Natural or Declared Disaster |
| 229 | Charge |
| 233 | Amount in High Credit Column is Credit Limit |



**NADJARE CHARLES EVANS**

EXHIBIT # ___C___

Date: February 03, 2026
Confirmation # 6034549164



## FINGERHUT/WEBBANK - Closed

6250 Ridgewood Ro, St. Cloud, MN  56303 | (866) 734-0342
Account Number: **\*4814** | Owner: **Individual Account**
Loan/Account Type: **Charge Account** | Status: **Pays As Agreed**

Date Reported: **05/06/2022** | Balance: **$0**
Credit Limit: **$1,800** | High Credit: **$333**

| | | |
|---|---|---|
| Date Opened: **03/14/2018** | Date of 1st Delinquency: ▪ | Terms Frequency: **Monthly** |
| Date of Last Activity: **06/01/2021** | Date Major Delinquency 1st Reported: ▪ | Months Reviewed: **49** |
| Scheduled Payment Amount: ▪ | Amount Past Due: ▪ | Deferred Payment Start Date: ▪ |
| Actual Payment Amount: ▪ | Charge Off Amount: ▪ | Balloon Payment Amount: ▪ |
| Date of Last Payment: **06/01/2021** | Date Closed: **04/01/2022** | Balloon Payment Date: ▪ |
| Term Duration: ▪ | Activity Designator: **Paid and Closed** | Narrative Code(s): **158, 065** |

### Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | ▪ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ▪ | ▪ | ▪ |

| | | | | | |
|---|---|---|---|---|---|
| ✓ | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due |
| 90 | 90 Days Past Due | 120 | 120 Days Past Due | 150 | 150 Days Past Due |
| 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure |
| C | Collection Account | CO | Charge Off | B | Included in Bankruptcy |
| R | Repossession | TN | Too New to Rate | ▪ | No Data Available |

### Narrative Code

| Narrative Code | Narrative Code Description |
|---|---|
| 065 | Account Closed By Credit Grantor |
| 158 | Closed or Paid Account/Zero Balance |

Prepared for:
**NADJARE CHARLES EVANS**

EXHIBIT # ___



Date: February 03, 2026
Confirmation # 6034549164

# Inquiries

A request for your credit history is called an inquiry. There are two types of inquiries - those that may impact your credit rating/score and those that do not.  They may remain on your file for up to 2 years.

- **Hard Inquiries that can impact your credit rating/score.** When a lender requests to review your credit reports after you've <u>applied for credit</u>, it results in a hard inquiry which may impact your credit score.
- **Soft Inquiries that do not impact your credit rating/score.** These are inquiries, for example, from companies making promotional offers of credit, periodic account reviews by an existing creditor, or your own requests to check your credit file.

| Company Information | Inquiry Type | Inquiry Date(s) |
|---|---|---|
| **VERIZON**<br>1 VERIZON WAY BASKING RIDGE NJ 07920-1025<br>Phone: (908) 559-2000 | Soft | 12/04/2024 |
| **FMR, LLC DBA FIDELITY**<br>100 SALEM ST MZ 02N SMITHFIELD RI 02917<br>Phone: (619) 392-2065 | Soft | 05/11/2025 |
| **EQUIFAX**<br>PO Box 740250 Atlanta GA 303740250<br>Phone: | Soft | 12/01/2025, 08/18/2025, 12/09/2024, 10/29/2024, 02/06/2024 |
| **EQUIFAX**<br>PO BOX 740250 ATLANTA GA 30374<br>Phone: (800) 685-1111 | Soft | 03/14/2024, 03/13/2024, 02/02/2024, 01/31/2024, 01/03/2024 |
| **EQUIFAX UPDATE**<br>PO BOX 740250 ATLANTA GA 30374<br>Phone: (800) 685-1111 | Soft | 02/02/2024, 01/03/2024 |
| **EQUIFAX**<br>PO BOX 70250 ATLANTA GA 30374-0250<br>Phone: (888) 378-4329 | Soft | 03/08/2024, 03/02/2024 |
| **EQUIFAX AUTO MTNC UP**<br>PO BOX 740250 ATLANTA GA 30374<br>Phone: (800) 685-1111 | Soft | 03/08/2024 |

**Prepared for:**

**NADJARE CHARLES EVANS**

**EQUIFAX**®

Date: February 03, 2026
Confirmation # 6034549164

*Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street NW, Washington, DC 20552.*

### A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street NW, Washington, DC 20552.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:

  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

  In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your creditworthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete, or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

Prepared for:
# NADJARE CHARLES EVANS



Date: February 03, 2026
Confirmation # 6034549164

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need – usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt out with the nationwide credit bureaus at 1-888-5-OPTOUT (1-888-567-8688).

- The following FCRA right applies with respect to nationwide consumer reporting agencies:

## CONSUMERS HAVE THE RIGHT TO OBTAIN A SECURITY FREEZE

**You have a right to place a "security freeze" on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization.** The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost. An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account  upgrades and enhancements.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.



EXHIBIT # D

Date: 02/05/2026

To:

Experian Information Solutions, Inc.
c/o CT Corporation System, Registered Agent
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

### RE: Formal Dispute & Opportunity to Cure – Capital One Tradeline – Experian Credit Report Dated February 3, 2026

Dear Experian Legal Department,

This correspondence constitutes a **formal dispute and lawful opportunity to cure**, pursuant to your obligations under the Fair Credit Reporting Act (FCRA), related to the account identified as:

> **Capital One** – Listed as an Adverse Account in your February 3, 2026 credit report issued for the undersigned.

## I. Prior Dispute History

Between 2023 and 2025, I issued multiple written disputes, affidavits, lien notices, and trademark-based legal notices concerning Experian's reporting of adverse tradelines without verified authority. These communications were accompanied by certified mailing, lawful notices, and legal instruments. At no point has Experian provided a **sworn response**, nor a **complete reinvestigation file** demonstrating lawful compliance.

## II. Specific Legal Violations

Experian is hereby notified of the following current and unresolved violations under federal law:

1. **FCRA § 1681e(b)** – Failure to follow reasonable procedures to assure maximum accuracy.
   *Cushman v. Trans Union Corp., 115 F.3d 220 (3d Cir. 1997)*
2. **FCRA § 1681i(a)(1)(A)** – Failure to properly reinvestigate the disputed item.
   *Dennis v. BEH-1, LLC, 520 F.3d 1066 (9th Cir. 2008)*
3. **FCRA § 1681i(a)(6)(B)(iii)** – Failure to disclose the method, sources, and procedures of the reinvestigation.
   *Cortez v. Trans Union, 617 F.3d 688 (3d Cir. 2010)*
4. **FCRA § 1681b** – Impermissible access and use of consumer reports without consent.
5. **FCRA § 1681n** – Willful noncompliance; Experian's continued reporting in the face of multiple certified disputes constitutes reckless disregard.
   *Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007)*

EXHIBIT # D

## III. Demand for Verification Material

You are hereby required to produce the following within **15 calendar days** of receipt of this notice:

- The name, contact information, and **sworn certification** from the **furnisher (Capital One)**, identifying the agent responsible for **verifying** this **tradeline**.
- All documents used to verify the account, including any original application or signed agreement, if applicable.
- A full description of the reinvestigation procedures followed, including internal documentation.
- Legal authority and license, if any, to report or distribute the undersigned's private data.

Failure to provide this information will be taken as **tacit admission** of willful noncompliance and shall serve as evidence in support of civil action.

## IV. Demand for Reinvestigation Records by Date (FCRA § 1681i)

Experian's own credit report disclosures reflect that multiple reinvestigations were allegedly conducted and/or completed regarding the disputed Capital One tradeline during the following periods, including but not limited to:

> **August 2023 – December 2023**
> **March 2024 – October 2024**
> **December 2024**
> **February 2025 – September 2025**
> A reported dispute update processed in or about **November 2025**

By reporting that these investigations were conducted and completed, Experian has affirmatively represented compliance with **15 U.S.C. § 1681i.**
Accordingly, pursuant to **15 U.S.C. § 1681i(a)(6)(B)(iii)** and controlling federal case law, Experian is hereby required to produce, **for each investigation listed above**, the following materials:

> **The exact date each reinvestigation was initiated and completed;**

- **The identity (name, title, and employer) of each individual or agent** who participated in or approved the reinvestigation;
- **All communications exchanged with the furnisher (Capital One)**, including ACDV records, electronic transmissions, system notes, or correspondence;
- **All documents, data, or records reviewed or relied upon** in reaching any conclusion that the tradeline was accurate or verifiable;
- **A written description of the procedures actually used** in each reinvestigation, not generic policy language;
- **A sworn or affirmed certification** that the materials produced constitute the complete reinvestigation file for each listed investigation.

EXHIBIT # D

Generalized statements that an "investigation was completed" or that information was "verified by the furnisher" do **not** satisfy Experian's disclosure obligations under the FCRA.

Failure to produce the above materials for **each specific reinvestigation period identified in Experian's own reporting** will constitute evidence that no reasonable reinvestigation occurred and that Experian has willfully misrepresented compliance with federal law.

## V. Opportunity to Cure

This letter serves as your final opportunity to correct or remove the disputed account. If you **cannot verify** the above as required by law, you are compelled to **permanently delete the tradeline** and provide written confirmation within the **15-day window**.

No response or an incomplete response will be construed as **intentional injury, failure to cure,** and **unlawful data publication,** with further remedies sought under federal law.

## VI. Reservation of Rights
All rights are expressly reserved. No assumptions, partnerships, or agency are created by this notice. Nothing in this communication shall be construed as consent to any unlawful action.

Sincerely,
Nadjare Evans

EXHIBIT # D

## DECLARATION AND CERTIFICATE OF SERVICE

I, Nadjare Evans, declare under penalty of perjury under the laws of the United States that the following statements are true and correct:

1. I am the consumer associated with the credit file referenced in this correspondence.
2. The factual statements contained in this document are based upon my personal knowledge and upon records maintained by me in the ordinary course.
3. The attached credit report excerpts and referenced documents are true and correct copies obtained from Experian Information Solutions, Inc. and third-party credit reporting sources.
4. Between **2023** and **2025**, I submitted multiple written disputes and notices to Experian regarding the Capital One tradeline identified herein.
5. Experian's own credit reporting records reflect multiple reinvestigations conducted between **August 2023 and November 2025**, as stated in the credit report.
6. I have not received the reinvestigation procedures, agent identifications, or investigation materials required under **15 U.S.C. § 1681i(a)(6)(B)(iii)**.

### Certificate of Service

On the date written below, I caused a true and correct copy of this **Formal Dispute, Demand for Reinvestigation Materials, and Opportunity to Cure**, together with any referenced exhibits, to be served upon:

**Experian Information Solutions, Inc.**
c/o CT Corporation System, Registered Agent
330 N. Brand Blvd., Suite 700
Glendale, CA 91203
Service was completed by **Certified Mail# 9589071052703437697659, Return Receipt Requested**, via the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____

### Notarial Acknowledgment

State of Florida
County of Alachua

Subscribed and affirmed before me on this _10th_ day of _February_, 2026, by
_Nadjare Evans_____, who is personally known to me or has produced
satisfactory identification.

**Notary Public:** _____
My Commission Expires: ___5/30/2026___

EXHIBIT # **E**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian Information Solutions, Inc
c/o CT Corporation System, Registered Agent,
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

9590 9402 9842 5266 1771 13

2. Article Number *(Transfer from service label)*

9589 0710 5270 3256 8375 88

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

MAR 24 2026

Delivery Service

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian Information Solutions, Inc
c/o CT Corporation System, Registered Agent,
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

9590 9402 9842 5266 1771 20

2. Article Number *(Transfer from service label)*

9589 0710 5270 3437 6976 59

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

FEB 16 2026

Delivery Service

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt





**EXHIBIT # _F_**

## How to read your results

**Deleted**
This item was removed from your credit report.

**Remains**
The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute. Please review your report for the details.

**Processed**
This item was either updated or deleted. Please review your report for the details.

**Updated (Your results will indicate which one of the following applies.)**

- The information you disputed has been updated. Please review your report for the details.
- The item you disputed has been updated, which may include an update to the disputed information. Please review your report for the details.
- Information on this item has been updated. Please review your report for the details.

**Verified and Updated**
The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated. Please review your report for the details.

## Print your report

Below is all the information currently in your credit report. The payment history guide and common questions will help explain your credit information. Print this page or write down your report number for future access.

### Address
Experian
P.O. Box 9701 Allen, TX 75013

**Any pending disputes will be highlighted below.**

Here are your dispute results 03/15/2026

Credit Items and Public Records

| Creditor / Vendor | Account number | Status | |
|---|---|---|---|
| CAPITAL ONE | 517805910828.... | Verified and Updated | The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated. Please review your report for the details. |

If our reinvestigation has not resolved your dispute
**view your options**

### Your Report

#### Personal Information

Name(s) associated with your credit

| Name | Name identification number |
|---|---|
| NADJARE EVANS | 1533 |
| NADJARE C EVANS | 32519 |
| NADJARE CHARLES EVANS | 2466 |

Address(es) associated with your credit

| Address | Address identification number | Residence type | Geographical code |
|---|---|---|---|
| 6521 SW 57TH RD GAINESVILLE FL 32608-4746 | 0310958145 | Single family | |

Other personal information associated with your credit

**Year of birth**

1979

**Current or former employer(s)** | **Address**

SELF EMPLOYED

EXHIBIT # _G_

# NOTICE OF DEFAULT FINAL OPPORTUNITY TO CURE
*(Fair Credit Reporting Act – 15 U.S.C. § 1681 et seq.)*

**Date:** March 11, 2026

**To:**
Experian Information Solutions, Inc.
c/o CT Corporation System, Registered Agent
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

**RE:** Capital One Tradeline – Failure to Produce Reinvestigation Records
Experian Credit Report dated February 3, 2026

## I. Prior Notice and Opportunity to Cure

On **February 5, 2026,** I served Experian Information Solutions, Inc. with a **Formal Dispute and Opportunity to Cure** concerning the Capital One tradeline appearing on my Experian credit report.

That notice specifically demanded production of the **reinvestigation materials and procedures** relating to the investigations Experian reported as having been conducted between:
- **August 2023 – December 2023**
- **March 2024 – October 2024**
- **December 2024**
- **February 2025 – September 2025**
- **November 2025**

The demand was made pursuant to **15 U.S.C. § 1681i(a)(6)(B)(iii)** requiring disclosure of the procedures used to conduct reinvestigations.

Experian was provided a clear opportunity to produce the requested materials or correct the disputed tradeline.

These investigation periods are reflected in Experian's own reporting disclosures and comments associated with the Capital One tradeline appearing on the Experian consumer report dated February 3, 2026.

## II. Affidavits Previously Served and Unrebutted

In addition to the written disputes referenced above, **sworn affidavits and declarations** concerning the disputed Capital One tradeline and Experian's reporting practices were previously served upon Experian between **2023 and 2025.**

These affidavits were transmitted via **certified mail** as part of the documented correspondence concerning this matter.

EXHIBIT # **6**

As of the date of this notice, **no sworn rebuttal, counter-affidavit, or evidentiary response has been received from Experian** addressing the factual statements contained within those affidavits.

The affidavits therefore remain part of the documented administrative record and evidence that Experian had prior notice of the dispute and multiple opportunities to investigate and respond.

## III. Failure to Produce Required Investigation Materials

As of **March 11, 2026**, Experian has **failed to produce the reinvestigation materials requested** in the February 5, 2026 notice.

Instead of producing the requested investigation records, Experian issued a form response indicating that the disputed information had been "verified by the furnisher,"that did not include:

1. The **identity of any investigator or agent** who conducted the alleged reinvestigations
2. The **procedures used** in each reinvestigation
3. The **documents relied upon** to verify the disputed tradeline
4. Any **ACDV records or communications with the furnisher**
5. Any **certification from the furnisher (Capital One)** verifying the accuracy of the account

A generic statement indicating that an account has been "verified" does **not satisfy the disclosure requirements of the Fair Credit Reporting Act.**

Additionally, credit report disclosures obtained through third-party reporting interfaces reflect investigation notations that are not fully disclosed in the consumer disclosure report obtained directly from Experian, further demonstrating inconsistencies in Experian's reporting practices.

## IV. Evidence of Statutory Noncompliance

Experian's failure to produce the requested investigation materials constitutes evidence of noncompliance with the following statutory duties:

1. Failure to Conduct a Reasonable Reinvestigation - **15 U.S.C. § 1681i(a)(1)(A)**
2. Failure to Disclose Method of Reinvestigation - **15 U.S.C. § 1681i(a)(6)(B)(iii)**
3. Failure to Maintain Reasonable Procedures to Assure **Maximum Accuracy - 15 U.S.C. § 1681e(b)**

Relevant federal authority includes:

- **Cushman v. Trans Union Corp., 115 F.3d 220 (3d Cir. 1997)**
- **Dennis v. BEH-1, LLC, 520 F.3d 1066 (9th Cir. 2008)**
- **Cortez v. Trans Union LLC, 617 F.3d 688 (3d Cir. 2010)**
- **Safeco Ins. Co. of America v. Burr, 551 U.S. 47 (2007)**

These authorities establish that consumer reporting agencies must conduct **reasonable reinvestigations and disclose the procedures used,** not merely repeat information supplied by the furnisher.



EXHIBIT # _G_

## V. Final Notice to Cure

Experian is hereby provided a final opportunity to cure the above noncompliance by producing the complete reinvestigation files corresponding to each investigation period reflected in Experian's own reporting records.Within **15 days of receipt of this notice**, Experian must produce:

1. The **identity of each investigator or agent** involved in the reinvestigation
2. The **procedures used** during each investigation
3. The **documents relied upon** to verify the Capital One tradeline
4. Any **communications with the furnisher**, including ACDV records
5. Any **certifications or verification statements from Capital One**
Failure to produce these materials will be preserved as evidence that no reasonable reinvestigation was conducted.

## VI. Notice of Record Preservation

All correspondence, dispute notices, affidavits, credit reports, mailing records, and responses received from Experian are being preserved as part of a **documented administrative record** concerning this matter.
A copy of the relevant credit report excerpts reflecting the investigation disclosures referenced herein is enclosed for reference.

## VII. Reservation of Rights

This notice is provided in good faith and for the purpose of resolving the matter without litigation.
All rights and remedies available under federal law are expressly reserved.

Respectfully,

**Nadjare Evans**
Without prejudice
UCC 1-308

Attached **exhibits** with this package:

**Exhibit A – Experian Report Feb 3, 2026**
**Exhibit B – Feb 5, 2026 Dispute & Opportunity to Cure**
**Exhibit C – Experian filler response letter**

 EXHIBIT # **G**

## Declaration and Certificate of Service

On the date written below, I caused a true and correct copy of this **NOTICE OF DEFAULT FINAL OPPORTUNITY TO CURE** *(15 U.S.C. § 1681 et seq.)* together with any referenced exhibits, to be served upon by **Certified Mail #, Return Receipt Requested** to the registered agent of Experian Information Solutions, Inc.

## AFFIDAVIT OF NON-PRODUCTION AND CONTINUED NONCOMPLIANCE

I, **Nadjare Evans**, being first duly sworn, state the following based upon personal knowledge:

1.  I am the consumer associated with the credit file referenced in this correspondence.
2.  On **February 5, 2026**, I served Experian Information Solutions, Inc. with a **Formal Dispute and Opportunity to Cure** concerning the Capital One tradeline appearing on my Experian credit report dated **February 3, 2026**.
3.  That notice specifically demanded production of the **reinvestigation materials and procedures** relating to the investigations Experian represented as having been conducted between:

    *   **August 2023 – December 2023**
    *   **March 2024 – October 2024**
    *   **December 2024**
    *   **February 2025 – September 2025**
    *   **November 2025**

4.  The requested materials included the **identity of investigators, procedures used, documents relied upon, and communications with the furnisher.**
5.  As of **March 11, 2026**, Experian has **not produced the requested investigation materials.**
6.  Instead, Experian issued a **generic response indicating that the account had been verified by the furnisher**, without providing the reinvestigation procedures, documentation, or investigator identification requested.
7.  No sworn rebuttal or counter-affidavit addressing the factual statements previously submitted has been received.
8.  The requested materials remain outstanding as of the date of this affidavit.

I declare under penalty of perjury that the foregoing statements are true and correct.

Signature: _____

### Notarial Acknowledgment

State of Florida
County of Alachua

Subscribed and affirmed before me on this 16th day of March, 2026, by Nadjare Evans, who is personally known to me or has produced satisfactory identification.

Notary Public: _____
My Commission Expires: 5·30·26



DEFAULT OP TO CURE/ AFFIDAVIT          Page 4 of 4
CM# 9689 0710 5270 3256 8375 55

EXHIBIT #

✓  Current / Terms met      CLS   Closed

This account is scheduled to continue on record until Jul 2029.

## Contact Info

| | |
|---|---|
| Address | 650 CALIFORNIA ST FL 12, SAN FRANCISCO CA 94108 |
| Phone Number | (855) 423-3729 |

## CAPITAL ONE

**POTENTIALLY NEGATIVE**

## Account Info

| | |
|---|---|
| Account Name | CAPITAL ONE |
| Account Number | 517805XXXXXXXXXX |
| Account Type | Credit card |
| Responsibility | Individual |
| Date Opened | 07/18/2018 |
| Status | Account charged off. $7,095 written off. $7,095 past due as of Jul 2025. |
| Status Updated | Feb 2024 |
| Balance | $7,095 |
| Balance Updated | 07/15/2025 |
| Recent Payment | - |
| Monthly Payment | - |
| Credit Limit | $5,850 |
| Highest Balance | $7,095 |
| Terms | - |
| On Record Until | Apr 2030 |

## Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | CO | CO | CO | CO | CO | CO | CO | – | – | – | – | – |
| 2024 | 150 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ND | 30 | 60 | 90 | 120 |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

**EXHIBIT # 6**

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| May 2024 | $7,095 | $0 | $0 on 6/13/2023 |
| Apr 2024 | $7,095 | $0 | $0 on 6/13/2023 |
| Mar 2024 | $7,095 | $0 | $0 on 6/13/2023 |
| Dec 2023 | $6,931 | $229 | $0 on 6/13/2023 |
| Nov 2023 | $6,771 | $218 | $0 on 6/13/2023 |
| Oct 2023 | $6,620 | $218 | $0 on 6/13/2023 |
| Sep 2023 | $6,467 | $247 | $0 on 6/13/2023 |
| Aug 2023 | $6,285 | $245 | $0 on 6/13/2023 |

### Additional info

Between Aug 2023 and Jun 2025, your credit limit/high balance was $5,850



### Contact Info

| | |
|---|---|
| Address | PO BOX 31293, SALT LAKE CITY UT 84131 |
| Phone Number | (800) 955-7070 |



### Comment

**Current:**

Account previously in dispute - investigation complete, reported by data furnisher

Account closed at credit grantor's request.

**Previous:**

Account closed at credit grantor's request.

May 2025 to Jun 2025

Account previously in dispute - investigation complete, reported by data furnisher

Feb 2025 to Jun 2025, Dec 2024, Mar 2024 to Oct 2024, Aug 2023 to Dec 2023



### Reinvestigation Info

EXHIBIT # **H**

# CFPB Complaint

I am submitting this complaint regarding **Experian Information Solutions, Inc.** and its repeated failure to comply with the Fair Credit Reporting Act (FCRA) concerning a disputed Capital One tradeline on my credit report.

Between **2023 and 2025**, I submitted multiple written disputes to Experian regarding the accuracy and validity of this account. Despite these disputes, Experian continued to report the account without providing adequate verification or documentation.

On **February 5, 2026**, I submitted a formal dispute pursuant to **15 U.S.C. § 1681i**, specifically requesting the procedures used to verify the account, the identity of the individuals who conducted the reinvestigation, and the documentation relied upon to determine the account was accurate.

Experian responded on or about **February 27, 2026**, stating that the account was **"verified and updated."** However, Experian did not provide any of the requested reinvestigation procedures, documentation, or investigator identification.

Experian's own reporting reflects that multiple investigations were conducted between **August 2023 and November 2025**, yet no explanation has been provided describing how those investigations were performed or what information was relied upon.

On **March 13, 2026**, I sent a formal notice of failure to produce, providing an additional opportunity for Experian to comply with its statutory obligations. As of the date of this complaint, Experian has **still not provided the requested reinvestigation procedures or supporting documentation.**

Instead, Experian continues to rely on a generalized statement that the information was "verified by the furnisher," which is insufficient under the FCRA and does not demonstrate that a reasonable reinvestigation was conducted.

This pattern reflects a **continued failure to comply with statutory duties** despite repeated notice and opportunity to cure. Experian has been given multiple opportunities over an extended period of time to provide the required disclosures and has failed to do so.

This conduct appears to violate:

- **15 U.S.C. § 1681i(a)(1)(A)** – Failure to conduct a reasonable reinvestigation
- **15 U.S.C. § 1681i(a)(6)(B)(iii)** – Failure to disclose reinvestigation procedures
- **15 U.S.C. § 1681e(b)** – Failure to maintain reasonable procedures to assure maximum possible accuracy

I requested and Experian has not complied despite sufficient time to do so:

EXHIBIT # H

1. Provide the complete reinvestigation procedures, documentation, and verification records for the disputed account; or
2. Delete the Capital One tradeline if it cannot be verified in compliance with the FCRA

Supporting documentation has been provided, including prior disputes, Experian's response, and notices documenting failure to comply.

This complaint reflects an ongoing failure to provide required disclosures despite repeated notice.

As of the date of this complaint, the requested reinvestigation materials remain unproduced despite multiple notices and sufficient time to comply.

**Attached Exhibits:**

**Formal Dispute Opportunity to Cure - February 3, 2026**
**w/ attached Credit Report for reference, Certifcate of Service**

**Notice of Default Final Opportunity to Cure - March 11, 2026**
**w/ Certificate of Service.**

**Mail Reciepts and Green Cards**

The Office of the
NADJARE EVANS,
4600 Southwest 34th Street, Suite 142433
Gainesville Florida, 32614



CERTIFIED MAIL®

9589 0710 5270 3437 6976 80

U.S. POSTAGE PAID
FCM LG ENV
GAINESVILLE, FL 32608
JUN 15, 2026
$13.84
S2324H503842-83

Retail

RDC 99

32301

JUN 2 2 2026

U.S. DISTRICT COURT of FLORIDA
NORTHERN DISTRICT
111 N. Adams Street
Tallahassee, Florida 32301-7730